UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BAYONE REAL ESTATE INVESTMENT CORPORATION, et al.,<br><br>Defendants. | Case No.15-cv-02248-BLF (SVK)<br><br>**ORDER ON PARTIES' DISCOVERY DISPUTE REGARDING DEFENDANTS' RESPONSES TO REQUESTS FOR PRODUCTION AND DOCUMENT PRODUCTION**<br><br>Re: Dkt. No. 67 |

The parties filed a joint statement regarding a dispute over defendants' responses to requests for production and document production. Plaintiff seeks additional responses and production of documents on two subjects: (1) a 2009 lawsuit in Santa Clara County Superior Court between defendant BayOne REIC ("BayOne") and Lydia Fangon, a borrower on one of the loans that is the subject of this action (the "Fangon Action"), and (2) BayOne's errors and omissions ("E&O") insurance policies and applications. ECF 67 at 1-3. Plaintiff requests an order requiring BayOne to produce additional documents regarding the Fangon Action and regarding BayOne's insurance policies and applications, as well as a declaration from Young-Ming Chou, BayOne's counsel in the Fangon Action, concerning his search for documents. *Id.* at 5.[1]

Defendants oppose on the grounds that there are no responsive documents on these issues in their possession, custody, or control that have not already been produced. *Id.* at 3-5. Defendants offer to provide a further supplemental response to requests for production of both

---

[1] During the parties' meet and confer, plaintiff's attorney apparently raised an issue about one of defendant's interrogatory responses (*see* joint statement at 3-4), but in the joint statement plaintiff does not request any relief regarding interrogatory responses. *See id.* at 5.

categories of documents, confirming that a diligent search was made and no discoverable documents were found. *Id.* at 5.

For the reasons discussed below, the Court holds that defendants must conduct a further diligent search for and reasonable inquiry to locate documents regarding the Fangon Action and either produce such documents or, if no documents are located, provide further responses and a declaration from Mr. Chou confirming that following a diligent search and reasonable inquiry, including a search by Mr. Chou, defendants have not located any additional responsive documents concerning that lawsuit. The Court further holds that defendants must supplement their responses to confirm that following a diligent search and reasonable inquiry, they have not located any insurance policies that would provide coverage for the claims made in this action.

## I. FACTUAL BACKGROUND

Plaintiff Federal Deposit Insurance Corporation, as Receiver for BankUnited, FSB, alleges that defendants breached a written Mortgage Broker Agreement that set forth terms by which BankUnited would purchase and/or fund loans and defendant BayOne would originate, sell, or assign loans. ECF 67 at 1. According to plaintiff, the loan documents for three loans submitted by BayOne to BankUnited—including a loan to borrower Lydia Fangon—contained inaccuracies, misrepresentations, and fraudulent statements. *Id.* Defendants have denied liability.

Discovery closed on March 6, 2017, except for the deposition of BayOne, which was to take place by March 9, 2017. On March 16, 2017, the parties filed separate statements concerning several issues plaintiff had with defendants' document production. ECF 61, 63. The Court ordered the parties to meet and confer in accordance with this Court's standing order and, if necessary, file a joint statement regarding any remaining disputes by March 22, 2017. ECF 65. The parties filed a joint statement on two remaining issues on March 22. ECF 67.

## II. Documents Relating to Fangon Action

On April 6, 2016, plaintiff served requests for production ("RFPs") on BayOne. Plaintiff argues that documents concerning the Fangon Action are responsive to three of those RFPs (*see id.* at 1):

**RFP 17:**

> All Documents relating to the Borrowers, the Subject Properties, and/or the Subject Loans, including, but not limited to, escrow instructions, ledgers, settlement statements, communications, contracts, invoices, closing packets, appraisals, cancelled checks, disclosures, title insurance documents, wire confirmations, and/or all other loan information.

**RFP 18:**

> All Communications, or Documents concerning Communications, between or among You, on the one hand, and the Borrowers, BankUnited and/or any other Person(s), on the other hand, Relating to the Borrowers, the Properties, and/or the Subject Loans.

**RFP 31:**

> All Documents Relating to any complaint, inquiry, or investigation Relating to You, the Borrowers, the Properties, and/or the Subject Loans, by or to any entity, including, but not limited to: (i) local, state, or federal regulatory agencies; (ii) local, state, or federal law enforcement agencies; (iii) government-sponsored entities, including without limitation, the Federal Home Loan Mortgage Corporation ("Freddie Mac") or the Federal National Mortgage Association ("Fannie Mae"); and/or (iv) private industry oversight groups, including without limitation, the Mortgage Asset Recovery Institute ("MARI") and the Mortgage Industry Data Exchange ("MIDEX").

ECF 67-1. Plaintiff argues that documents relating to the Fangon Action are relevant because they could include "statements or admissions regarding BayOne's role in the origination [of] the Fangon loan." ECF 67 at 2.

BayOne responded to these RFPs by stating that, subject to certain objections, it "agree[d] to produce the documents that are Bates stamped 000001-0000526" in response to RFPs 17 and 18. ECF 67-2. In response to RFP 31, BayOne stated that it was "unable to comply with this request to the extent that it seeks discoverable documents. A diligent search and a reasonable inquiry have been made by Responding Party in an effort to comply with this request. Any documents sought by this request, if they ever existed, are no longer, in the possession, custody, or control of Responding Party." *Id.*

Plaintiff claims that it learned of the Fangon Action for the first time on March 9, 2017, during the Rule 30(b)(6) deposition of BayOne. ECF 67 at 1. Plaintiff claims that defendants in

this case "produced no discovery, filings, or other documents related to the Fangon Action." *Id.*

According to the joint statement, the parties met and conferred regarding defendant's production of information about the Fangon Action. *Id.* at 3. Plaintiff now asks the Court to order defendants to "search, obtain, and produce all responsive documents regarding the Fangon Action," including documents held by its former attorney, Mr. Chou, "and documents that may be requested from the Santa Clara County Superior Court." *Id.* at 5. Plaintiff also request that defendants be ordered to provide a declaration from Mr. Chou concerning his search for documents concerning the Fangon Action and, if applicable, explaining the circumstances under which such documents were destroyed, lost, or otherwise disposed of, as well as certain information about Mr. Chou's communications with BayOne. *Id.* Plaintiff states that it also intends to ask the district court to extend the fact discovery cutoff to depose Mr. Chou regarding unprivileged matters relating to the Fangon Action. *Id.* at n.4.

In the joint statement, defendants acknowledge the existence of an earlier lawsuit between Ms. Fangon and BayOne. *Id.* at 3. Defendants do not dispute that documents concerning the Fangon Action are responsive to plaintiff's RFPs. Nor do defendants dispute that any responsive documents in the possession of BayOne's former counsel, Mr. Chou, are within BayOne's "possession, custody, or control" and thus must be produced in response to plaintiff's RFPs. Defendants claim that, although they dispute the relevance of the Fangon Action to this one, "BayOne REIC nonetheless produced all of the documents in its possession, custody and/or control that pertained to that lawsuit." *Id.* Defendants state that their collection of documents in this case included requesting documents from Mr. Chou. *Id.* Defendants state that their request of documents from Mr. Chou "would have encompassed any documents related to the Fangon Lawsuit" but that "Mr. Chou did not retain any documents related to the Fangon Lawsuit." *Id.* Defendants argue that they should not be ordered to produce any additional documents regarding the Fangon Action or to provide a declaration from Mr. Chou. Defendants propose instead to provide a further supplemental response concerning the documents sought from BayOne and Mr. Chou, confirming that a diligent search was made and no discoverable documents were found. *Id.* at 5.

Although BayOne states that it has requested responsive documents concerning the Fangon Action from Mr. Chou, and that Mr. Chou no longer has any such documents, defendants' existing responses to RFPs 17, 18, and 31 do not make this entirely clear. *See* ECF 67-2 (response to RFPs 18 and 31); ECF 67-3 (supplemental response to RFP 17).

Under these circumstances, the Court believes it appropriate to require BayOne to search for and provide additional information about its efforts to locate and produce documents concerning the Fangon Action. Accordingly, if it has not already done so, BayOne is ordered to conduct a diligent search and reasonable inquiry, including a search of Mr. Chou's documents, to determine whether any documents relating to the Fangon Action are in BayOne's possession, custody, or control. If any responsive documents are located that have not already been produced to plaintiff, BayOne must produce them to plaintiff within ten (10) days of this order. If no additional responsive documents are located, within ten (10) days of this order BayOne must provide supplemental responses to RFPs 17, 18, and 31 that state that following a diligent search and reasonable inquiry, including a search of Mr. Chou's documents, no responsive documents were located in defendants' possession, custody, or control that have not already been produced. In addition, within ten (10) days of this order, BayOne must provide a declaration from Mr. Chou (1) stating what steps he took to search for documents concerning the Fangon Action, (2) stating what, if any, documents were located, and, if applicable, (3) explaining the circumstances under which he no longer has any documents concerning the Fangon Action.

### III. Documents Relating to E&O Insurance

Plaintiff states that documents regarding BayOne's E&O insurance policies and applications are responsive to two of plaintiff's RFPs:

**RFP 37:**

> All Documents constituting or Relating to any errors and omissions insurance obtained by You, including, but not limited to, applications and policies.

**RFP 38:**

> All Documents Relating to claims tendered by You to Your professional liability insurance carrier, including but not limited to Your errors and omissions insurance carrier, Relating to any or all of the Subject Loans.

5

RFP 67-1.

Defendants originally objected to RFP 37 on relevance and privacy grounds. RFP 67-2. Defendants originally responded to RFP 38 by explaining that no responsive documents were located after a diligent search. *Id.*

In the joint statement, defendants state that they do not have any insurance coverage that would cover the claims asserted in this action. ECF 67 at 4. Although a BayOne witness testified that the company has purchased E&O insurance for at least the past five years and, perhaps for the entirety of BayOne's entire existence, defendants explain that there is no E&O policy that covers the claims in this action, which arose from loans that originated in 2006 and 2007. *Id.* at 5-6. Defendants state that they confirmed with BayOne's broker that there are no applications, and BayOne supplemented its responses to RFPs 37 and 38 to state that "it believes there is not insurance coverage applicable to the claims asserted in this action" and that it "has not tendered the claims asserted in this action to any insurer." ECF 67-3.

Plaintiff contends that BayOne's E&O insurance and related applications are nevertheless relevant because "they will reflect how BayOne REIC described its mortgage origination business, including its characterization of the Cupertino branch of BayOne REIC." *Id.* at 2. The remaining issue in dispute appears to be plaintiff's demand that defendants produce copies of E&O policies and applications for policies that do not provide coverage for the claims in this action. ECF 67 at 5. Plaintiff has not demonstrated that such policies or applications are relevant, and therefore plaintiff's request is denied. To clarify the record, however, within ten (10) days of the date of this order, defendants shall provide further supplemental responses to RFPs 37 and 38 confirming that they have conducted a diligent search and reasonable inquiry and have not located any insurance policies that provide coverage for the claims in this action.

**SO ORDERED.**

Dated: March 27, 2017

SUSAN VAN KEULEN
United States Magistrate Judge