UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BAYONE REAL ESTATE INVESTMENT CORPORATION, et al.,<br><br>Defendants. | Case No.15-cv-02248-BLF (SVK)<br><br>**ORDER ON DISCOVERY DISPUTE RE PLAINTIFF'S SUBPOENA TO CALIFORNIA BUREAU OF REAL ESTATE**<br><br>Re: Dkt. Nos. 78, , 79 |

Before the Court are the parties' separate statements concerning a dispute over Plaintiff's subpoena to the California Bureau of Real Estate ("BRE"). ECF 78, 79. After considering the parties' statements, relevant legal authority, and good cause appearing, the Court GRANTS Defendant's request for a protective order. Defendant's request for sanctions is DENIED without prejudice.

**BACKGROUND**

The discovery cutoff for fact discovery in this case was March 6, 2017. ECF 56. The Court extended the discovery cutoff for the limited purposes of permitting Plaintiff to take the Rule 30(b)(6) deposition of Defendant on March 9, 2017 (ECF 60) and to take the depositions of third parties Sarah Huang and Yung-Ming Chou within thirty days of April 4, 2017 (ECF 76).

On April 6, 2017, Plaintiff issued a subpoena to the BRE, requesting that on April 10, 2017, BRE produce historical broker information concerning Defendant and certain individuals and entities that Plaintiff claims are associated with Defendant. ECF 79-3.

On April 7, 2017, Defendant filed a separate statement requesting a protective order forbidding the discovery attempted under the subpoena issued to BRE. ECF 78 at 4. Defendant also requests an award of expenses, including attorneys' fees, in connection with this discovery

United States District Court
Northern District of California

1  dispute. *Id.* Plaintiff filed a separate statement on these issues on April 7, 2017. ECF 79.[1]

## DISCUSSION

"A party or any person from whom discovery is sought may move for a protective order" forbidding or limiting discovery. Fed. R. Civ. P. 26(c)(1). Here, Defendant seeks a protective order forbidding the discovery sought by Plaintiff's subpoena to BRE on the grounds that the subpoena was issued after the discovery cutoff.

Most courts hold that subpoenas issued under Rule 45 constitute pretrial discovery that must be served within the specified discovery period. *Medimmune, LLC v. PDL Biopharma, Inc.*, No. C08-05590 JF (HRL), 2010 U.S. Dist. LEXIS 39410, at *5 (N.D. Cal. April 1, 2010) (collecting cases); *see also Icon-IP Pty Ltd. v. Specialized Bicycle Comp., Inc.*, No. 12-cv-03844-JST (MEJ), 2015 U.S. Dist. LEXIS 7436, at *6. Because Plaintiff's subpoena to BRE was served on April 6, 2017, a month after the discovery cutoff, it is untimely.

The various reasons Plaintiff offers for the timing of the subpoena do not excuse the untimeliness of its subpoena to BRE. First, Plaintiff argues that it needs the requested records from BRE as a result of Defendant's "failure to produce any documents relating to Ms. Huang and Mr. Estoesta's agency relationship with BayOne REIC" and Defendant's corporate designee's "failure to testify as to whether or not Ms. Huang and Mr. Estoesta were licensed brokers of BayOne REIC under Ms. Guo's license." ECF 79 at 4. If Plaintiff believed that Defendant had failed to properly respond to discovery requests or comply with its obligation to produce a Rule 30(b)(6) witness, Plaintiff could have brought a motion to compel within the time limit set forth

---

[1] This is the second time that the parties have submitted separate statements on a discovery dispute, instead of the joint statement required under this Court's standing order. *See* ECF 61, 63, 65. This time, according to both parties, Defendant provided its section of a joint statement at approximately 3:00 p.m. on April 6, within a few hours of notifying Plaintiff that Defendant objected to the BRE subpoena served that day. Plaintiff stated that it could not provide its portion of a joint statement until the close of business on April 7. Defendant filed a separate statement on the morning of April 7, and Plaintiff filed a separate statement later that day. Under the circumstances, where Plaintiff served a subpoena a month after the discovery cutoff that set a production date two business days later, and Defendant immediately notified Plaintiff that it disputed the propriety of the subpoena, Plaintiff should have responded more quickly to enable the parties to file a joint statement in accordance with the standing order. Nevertheless, the Court has fully considered the parties' separate statements.

within the local rules, but it did not do so. Alternatively, or in addition, Plaintiff could have asked the district court to reopen the discovery to permit it to subpoena the information from BRE. Indeed, on March 30, 2017, Plaintiff filed a motion for permission to take two third-party depositions after the discovery cutoff (ECF 75), which was subsequently granted (ECF 79), but Plaintiff did not include in that motion a request to subpoena information from BRE after the discovery cutoff.

Plaintiff also argues that information from BRE is relevant to Defendant's pending motion for summary judgment. If Plaintiff needs additional discovery in order to oppose the summary judgment motion, the appropriate procedure is to make the necessary showing to the district court under Rule 56(d).

In addition, Plaintiff repeatedly emphasizes that the documents it seeks from BRE are public records and that it served a subpoena only because the BRE requested that it do so in connection with Plaintiff's public records request. ECF 79 at 2-3. Plaintiff was evidently aware that the BRE had relevant information at least as of the time it was preparing to take the deposition of Defendant's corporate designee because Plaintiff apparently used a BRE printout from October 2006 during that deposition. *See id.* at 2. Although Plaintiff does not identify the date of its public records request, it appears that the request was made sometime after the Rule 30(b)(6) deposition of Defendant, and therefore after the close of discovery. Plaintiff offers no explanation for why it did not seek information from BRE earlier in the case.

Finally, Plaintiff argues that Defendant would not be prejudiced by production of "public records that were previously available on the [BRE's] website and that do nothing more than reflect the licensed agents of BayOne REIC at the time of the origination of the subject loans." *Id.* at 4. This argument ignores the prejudice to Defendant that would result from Plaintiff's disregard of the discovery cutoff in this case. *See generally Muench Photography, Inc. v. Pearson Education, Inc.*, No. 12-cv-01927- WHO, 2013 U.S. Dist. LEXIS 124064, at *2-3 (N.D. Cal. Aug. 29, 2013) ("If a party could evade discovery deadlines to continue to conduct third-party discovery until the time of trial, the universe of documents relevant to the case would never be settled prior to trial. This would defeat the purpose of the case management procedures detailed in the Federal

3

Rules, increase the cost of litigation, impede settlement prospects, make trial preparation unwieldy, and wreak havoc on trial schedules."); *Medimmune*, 2010 U.S. Dist. LEXIS 39410, at *8 (noting "palpable prejudice" to defendant where plaintiff served a subpoena after discovery cutoff).

Accordingly, in light of the discovery cutoff in the existing scheduling order in this case, Defendant's request for a protective order is GRANTED.

Defendant also requests an award of sanctions, pursuant to Rules 26(c)(3) and 37(a)(5). Defendant's request does not comply with the requirements of Civil Local Rules 7-8 and 37-4 and is DENIED without prejudice to Defendant re-filing a motion for sanctions in accordance with all applicable rules and procedures.

**SO ORDERED.**

Dated: April 10, 2017

SUSAN VAN KEULEN
United States Magistrate Judge