**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> BAYONE REAL ESTATE INVESTMENT CORPORATION, et al., <br><br> Defendants. | Case No. 15-cv-02248-BLF <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL** |

Before the Court is Defendants' administrative motion to file under seal certain documents in connection with their motion for summary judgment. ECF 70. For the reasons stated below, the motion is GRANTED IN PART and DENIED IN PART.

**I. LEGAL STANDARD**

There is a "strong presumption in favor of access" to judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). A party seeking to seal judicial records bears the burden of overcoming this presumption by articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-79. Compelling reasons for sealing court files generally exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its

1 records." *Kamakana*, 447 F.3d at 1179. Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety v. Chrslyer Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

"Despite this strong preference for public access, [the Ninth Circuit has] carved out an exception," *id*. at 1097, for judicial records attached to motions that are "tangentially related to the merits of a case," *id*. at 1101. Parties moving to seal such records need only make a "particularized showing" under the "good cause" standard of Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1180 (quoting *Foltz*, 331 F.3d at 1138).

In this District, parties seeking to seal judicial records must furthermore follow Civil Local Rule 79-5, which requires, *inter alia*, that a sealing request be "*narrowly tailored* to seek sealing *only* of sealable material." Civil L.R. 79-5(b) (emphasis added). Where the submitting party seeks to file under seal a document designated confidential by another party, the burden of articulating compelling reasons for sealing is placed on the designating party. *Id.* 79-5(e).

## II. DISCUSSION

The Court has reviewed the sealing motion and the declaration of James Cracolice in support thereof. According to the declaration, Defendants only seek to seal personal confidential information such as social security numbers, dates of birth, and taxpayer identification numbers. Cracolice Decl., ECF 70-1 ¶ 7.

The Court finds that the "compelling" standard applies, as the documents to be sealed are submitted in support of a dispositive motion. Personal information such as social security numbers and dates of firth, they are appropriately sealable. *E.g.*, *Seals v. Mitchell*, No. 04-3764-NJV, 2011 WL 1233650, at *3 (N.D. Cal. Mar. 30, 2011) (granting motion to seal employment records and personnel records because of a need for confidentiality). With respect to portions of the request that are denied below, the declaration fails to establish that the identified material is "sealable." Civ. L.R. 79-5(d)(1)(A). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." *Id.* The compelling reasons standard must be met even as to documents that were previously filed under seal or protective order. *Kamakana*, 447 F.3d at 1179.

The Court's rulings on the sealing request are set forth in the table below:

| **Identification of Documents to be Sealed** | **Description of Documents and Request** | **Court's Order** |
| --- | --- | --- |
| Defendants' Notice of Motion and Motion For Summary Judgment ("Motion for Summary Judgment") | Highlighted portions reference documents that Plaintiff has designated as confidential. Defendants' declaration provides no compelling reasons and Plaintiff has not submitted a declaration in support of sealing the highlighted portions. | DENIED. |
| Exhibits 1, 3, 7, 11, 13-15, and 18-20, 22, 23 to Cracolice Decl. | Highlighted portions reference documents that Plaintiff has designated as confidential. Defendants' declaration provides no compelling reasons and Plaintiff has not submitted a declaration in support of sealing the highlighted portions. | DENIED. |
| Exhibits 10, 12, and 21 to Cracolice Decl. | Federal taxpayer identification number is sealable. As to other highlighted portions, Defendants' declaration provides no compelling reasons and Plaintiff has not submitted a declaration in support of sealing them. | GRANTED as to federal tax payer identification number; and DENIED as to remainder. |
| Exhibits 17 to Cracolice Decl. | Federal taxpayer identification, social security number and date of birth are sealable. As to other highlighted portions, Defendants' declaration provides no compelling reasons and Plaintiff has not submitted a declaration in support of sealing them. | GRANTED as to federal tax payer identification number, social security number, and date of birth; and DENIED as to remainder. |
| Cracolice Decl. in support of Defendants' Motion for Summary Judgment | Highlighted portions reference documents that Plaintiff has designated as confidential. Defendants' declaration provides no compelling reasons and Plaintiff has not submitted a declaration in support of sealing the | DENIED. |

| | | |
|---|---|---|
| | highlighted portions. | |
| Guo Decl. in support of Defendants' Motion for Summary Judgment | Highlighted portions reference documents that Plaintiff has designated as confidential. Defendants' declaration provides no compelling reasons and Plaintiff has not submitted a declaration in support of sealing the highlighted portions. | DENIED. |

**III.   ORDER**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART the sealing motion at ECF 70.  Under Civil Local Rule 79-5(e)(2), for any request that has been denied because the party designating a document as confidential or subject to a protective order has not provided sufficient reasons to seal, the submitting party must file the unredacted (or lesser redacted) documents into the public record no earlier than 4 days and no later than 10 days form the filing of this order.  Alternatively, the moving party may also renew the motion so to provide sufficient reasons in supporting declarations no later than 10 days form the filing of this order.

Dated: April 19, 2017

_____
BETH LABSON FREEMAN
United States District Judge

4